In re Petition for DISCIPLINARY AC-TION AGAINST Calandra Faye HAR-RIS, a Minnesota Attorney, Registration No. 319910.

No. A08–1525.

Supreme Court of Minnesota.

May 14, 2009.

### ORDER

On September 3, 2008, the Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action alleging that respondent Calandra Faye Harris committed professional misconduct warranting public discipline, namely, making misrepresentations to the Director during his investigation, to a court, and to her clients; failing to diligently pursue client matters; failing to communicate with clients; failing to promptly return client property; charging clients for services performed by an attorney who was not in the same law firm without a written agreement with the client; failing to obtain a written fee agreement for non-refundable fees and failing to deposit unearned fees into a trust account; failing to maintain proper trust account and business account books and records; misuse of her trust account by commingling personal and client funds resulting in shortages on at least two occasions; and negotiating multiple business account checks for which there were insufficient funds in the account, in violation of Minn. R. Prof. Conduct 1.3, 1.4(a) and (b), 1.5(b) and (e)(2), 1.15(c)(4), 1.15(h) (as interpreted by Appendix 1), 1.16, 8.1, 8.4(c), (d) and (i), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR). On September 25, 2008, respondent filed an answer to the disciplinary petition.

On October 1, 2008, we referred the matter to a referee for findings of fact and recommendations for disposition. We twice extended the deadline for filing of the referee's findings and recommendations. In March and April 2009, the Director filed amended and supplementary petitions for disciplinary action alleging additional professional misconduct, including allowing a non-attorney to sign a trust account check and loaning money to a client without proper disclosures. Respondent now withdraws her previously-filed answer, waives her procedural rights under Rule 14, RLPR, and admits the allegations of the second amended and supplementary petition for disciplinary action. The parties jointly recommend that the appropriate discipline is indefinite suspension for at least 90 days and that respondent be permitted to petition for reinstatement after 45 days.

The court has independently reviewed the file and generally approves the stipulated disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Calandra Faye Harris is indefinitely suspended from the practice of law for a minimum of 90 days, effective 14 days from the date of filing of this order. Respondent shall pay $900 in costs pursuant to Rule 24, RLPR, and shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals). The hearing provided for under Rule 18(a)-(d), RLPR, is not waived. Respondent may petition for reinstatement pursuant to Rule 18, RLPR, after 45 days from the effective date of the suspension.

BY THE COURT:

/s/ Alan C. Page
Associate Justice